Case No. 22-40057

In the United States Court of Appeals for the Fifth Circuit

---

Frank Vaughan,

*Plaintiff-Appellant*

Michael Joseph Collins; William A. Brewer, III; Brewer Storefront, P.L.L.C.,

*Appellants*,

v.

Lewisville Independent School District,

*Defendant-Appellee.*

---

On Appeal from the United States District Court
for the Eastern District of Texas, Sherman Division
Civil Action No. 4:19-CV-00109-SDJ

---

## BRIEF OF APPELLEE
## LEWISVILLE INDEPENDENT SCHOOL DISTRICT

---

Meredith Prykryl Walker
WALSH GALLEGOS TREVIÑO
KYLE & ROBINSON P.C.
105 Decker Court, Suite 700
Irving, Texas 75062
214.574.8800
214.574.8801 (facsimile)
mwalker@wabsa.com

*Attorneys for Defendant-Appellee*

Case No. 22-40057

In the United States Court of Appeals for the Fifth Circuit

---

Frank Vaughan,

*Plaintiff-Appellant*

Michael Joseph Collins; William A. Brewer, III; Brewer Storefront, P.L.L.C.,

*Appellants*,

v.

Lewisville Independent School District,

*Defendant-Appellee*.

---

On Appeal from the United States District Court
for the Eastern District of Texas, Sherman Division
Civil Action No. 4:19-CV-00109-SDJ

---

## APPELLEE'S CERTIFICATE OF INTERESTED PERSONS

---

The undersigned counsel of record certifies the following listed persons and entities, as described in the fourth sentence of Rule 28.2.1, have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| | |
|---|---|
| Frank Vaughan | *Plaintiff-Appellant* |
| Michael Joseph Collins | *Appellant* |

| | |
|---|---|
| William A. Brewer, III | *Appellant* |
| Brewer Storefront, P.L.L.C. | *Appellant* |
| Lewisville Independent School District | *Defendant-Appellee* |
| William A. Brewer, III<br>BREWER STOREFRONT, P.L.L.C. | *Attorney for Plaintiff-Appellant Frank Vaughan and Appellants William A. Brewer, III, Michael Joseph Collins, and Brewer Storefront, P.L.L.C.* |
| Meredith Prykryl Walker<br>WALSH GALLEGOS TREVIÑO KYLE & ROBINSON P.C. | *Attorney for Defendant-Appellee Lewisville Independent School District* |
| Texas Association of School Boards Risk Management Fund | *Defendant-Appellee Lewisville Independent School District's Risk Pool* |

By: /s/Meredith Prykryl Walker

    Meredith Prykryl Walker
    State Bar No. 24056487

*Attorneys for Defendant-Appellee*
*Lewisville Independent School District*

ii

## STATEMENT OF ORAL ARGUMENT

Appellee Lewisville Independent School District (Lewisville ISD or the District) believes oral argument could benefit the Court in reviewing this matter.

# TABLE OF CONTENTS

Appellee's Certificate of Interested Persons ............................................. i

Statement of Oral Argument ................................................................ iii

Table of Contents ........................................................................... iv

Table of Authorities ....................................................................... vi

Statement of Issues ..........................................................................1

Statement of the Case ........................................................................2

Summary of the Argument .....................................................................4

Argument and Authorities ....................................................................6

    A.  The Standard of Review ...............................................................6

    B.  The standard for attorneys' fees awards under 52 U.S.C. § 10310(e) ..........6

    C.  Vaughan forfeited his arguments regarding attorneys' fees under 52 U.S.C. § 10310 by failing to raise his arguments before the district court .............................................7

    D.  The district court did not abuse its discretion in awarding the District attorneys' fees under 52 U.S.C. § 10310 ...................................8

        1.  Vaughan's lawsuit against the District was frivolous given his lack of standing to pursue his claims .............................9

            a.  The district court never reached the merits of Vaughan's claims because he lacked standing ....................9

b.     Vaughan and the District did not engage in settlement discussions .........................................10

c.     The district court summarily dismissed Vaughan's claims ...............................................10

2.     Vaughan's lawsuit against the District was unreasonable and groundless from the outset ................................11

3.     Vaughan's attempts to argue the merits of his standing argument to pursue claims against the District fail........................12

E.    The standard for attorneys' fees awards under 28 U.S.C. § 1927 ...............13

F.    The district court did not abuse its discretion in finding Vaughan's attorneys jointly and severally liable for the District attorneys' fees ...........................................14

1.     The district court did not award attorneys' fees against Vaughan under 28 U.S.C. § 1927 ......................................15

2.     The district court did not abuse its discretion in holding the Brewer StoreFront LP jointly and severally liable for attorneys' fees ...........................................16

3.     The district court appropriately found Vaughan's attorneys and law firm jointly and severally liable for the attorneys' fees award ..........................17

G.    Conclusion ................................................................................23

Certificate of Service ...........................................................................24

Certificate of Privacy Redactions and Virus Scanning............................................25

Certificate of Compliance with Rule 32(a)............................................................25

# TABLE OF AUTHORITIES

<u>CASES</u>

*Allen v. Travis*, No. CIV.A.3:06-CV-1361-M,
   2007 WL 1989592 (N.D. Tex. July 10, 2007)......................................14

*Avigran v. Hull*,
   932 F.2d 1572 (11th Cir. 1991) ...........................................................16

*Cantu Servs., Inc. v. Frazier*,
   682 F. App'x 339 (5th Cir. 2017)...........................................................7

*Christiansburg Garment Co. v. EEOC*,
   434 U.S. 412 (1978)............................................................................6, 7

*Craig v. Gregg County, Tex.*,
   988 F.2d 18 (5th Cir. 1993) ....................................................................6

*Fox v. Vice*,
   563 U.S. 826 (2011)..................................................................................7

*In re W. Fid. Mktg, Inc.*, No. 4:01–MC–0020–A,
   2001 WL 34664165 (N.D. Tex. Jun. 26, 2011)....................................14

*Jones v. Tex. Tech Univ.*,
   656 F.2d 1137 (5th Cir. 1981) .................................................................7

*Lewis v. Brown & Root, Inc.*,
   711 F.2d 1287 (5th Cir. 1983) ...............................................................15

*Lujan v. Defs. of Wildlife*,
   504 U.S.555 (1992)................................................................................11

*Meadowbriar Home for Children, Inc. v. Gunn*,
   81 F.3d 521 (5th Cir. 1996) ...................................................................14

*Morrison v. Walker*,
  939 F.3d 633 (5th Cir. 2019) .................................................6

*Myers v. City of West Monroe*,
  211 F.3d 289 (5th Cir. 2000) ...........................................9, 10

*Pennie v. Obama*,
  255 F. Supp. 3d 648 (N.D. Tex. 2017) ...............................14

*Procter & Gamble Co. v. Amway Corp.*,
  280 F.3d 519 (5th Cir 2002) .............................................14

*Rollins v. Home Depot USA*,
  8 F.4th 393 (5th Cir. 2021) ............................................8, 18

*Smith v. Grand Bank & Trust of Fla.*,
  193 Fed. App'x 833 (11th Cir. 2006)................................16

*Strain v. Kaufman County*,
  23 F. Supp. 2d 698 (N.D. Tex. 1998) ..................................9

*Susan B. Anthony List v. Driehaus*,
  573 U.S. 149 (2014)...........................................................11

*Tannehill v. Tannehill*, No. 1:18-CV-00242,
  2019 WL 847946 (W.D. La. Jan. 23, 2019) .........................9

*Templeton v. Jarmillo*,
  28 F.4th 618 (5th Cir. 2022) ...........................................8, 18

*United States v. Hays*,
  515 U.S. 737 (1995)...................................................... 12, 13

*United States v. Mississippi*,
  921 F.2d 604 (5th Cir. 1991) ..............................................9

*Valley Forge Christian College v. Ams. United for
Separation of Church & State, Inc.*,
  454 U.S. 464 (1982).............................................................18

*Van Dyke v. Retzlaff*, No. 4:18-CV-247,
 2021 WL 351360 (E.D. Tex. Feb. 2, 2021) ................................................... 14, 19

*Vaughner v. Pulito*,
 804 F.2d 873 (5th Cir. 1986) .................................................................................7

*Walker v. City of Bogalusa*,
 168 F. 3d 237 (5th Cir. 1999) ...........................................................................9, 10

*Zastrow v. Houston Auto M. Imports Greenway, Ltd.*,
 695 Fed. App'x 774 (5th Cir. 2017) .......................................................................6

## S<small>TATUTES</small>, R<small>EGULATIONS, AND</small> R<small>ULES</small>

28 U.S.C. § 1927 ...................................................................................................14

52 U.S.C. § 10301 .................................................................................................20

52 U.S.C. § 10310 ...................................................................................................6

E.D. Tex. Local Rule CV-30 .................................................................................20

## STATEMENT OF ISSUES

**Issue No. 1:**

The district court did not abuse its discretion in awarding Lewisville ISD attorneys' fees under 52 U.S.C. § 10310(e).

**Issue No. 2:**

Appellant Frank Vaughan forfeited his arguments regarding the district court's award of attorneys' fees under 52 U.S.C. § 10310(e) by raising issues for the first time on appeal.

**Issue No. 3:**

The district court did not abuse its discretion in finding Appellant Frank Vaughan's attorneys and law firm jointly and severally liable under 28 U.S.C. § 1927 for the attorneys' fees awarded against Appellant Frank Vaughan under 52 U.S.C. § 10310(e).

## STATEMENT OF THE CASE

On February 12, 2019, Plaintiff-Appellant Frank Vaughan (Vaughan) filed his Complaint for Declaratory and Permanent Injunctive Relief concerning Violations of Section 2 of the Voting Rights Act (VRA) against Lewisville ISD and the members of its Board of Trustees in their official capacities. (ROA.14). Thereafter, the Board members moved to dismiss Vaughan's claims against them, and, subsequently, the District and the Board members filed their Answer. (ROA.88, 93). The district court eventually dismissed the Board members from the lawsuit as Vaughan's claims against the Board members in their official capacities were duplicative of his claims against Lewisville ISD. (ROA.544, 546).

In the meantime, the parties engaged in extensive written discovery and depositions leading to Lewisville ISD's Motion for Summary Judgment, which addressed, *inter alia*, whether Vaughan had standing to assert his claims against the District. (ROA.398-421). On July 31, 2020, the district court granted Lewisville ISD's Motion for Summary Judgment on the basis that Vaughan lacked standing to pursue his VRA claims because he did not suffer an injury in fact. (ROA.980-994).

While the district court granted the District's Motion for Summary Judgment, it failed to enter a separate judgment and otherwise award costs to either party.

(ROA.994). As such, Lewisville ISD filed its Motion for Separate Judgment and Award of Costs on August 10, 2020, which the district court subsequently granted, therein awarding the District its costs and entering a final judgment. (ROA.995, 1030, 1036-1037). Lewisville ISD filed its Bill of Costs accordingly, which were taxed against Vaughan on November 4, 2020. (ROA.1038, 1050).

Thereafter, the District filed a Motion to Stay the Deadline for Requesting Attorneys' Fees given Vaughan's anticipated appeal of the district court's final judgment. (ROA.1059). Vaughan then appealed the district court's final judgment and order granting the Motion for Summary Judgment to this Court, and, as such, the district court stayed the deadline for attorneys' fees. (ROA.1069, 1071). But before the Court could consider the merits of Vaughan's claims, he dismissed the appeal. (ROA.1074).

Lewisville ISD subsequently filed its Motion for Attorneys' Fees, which the district court granted on December 28, 2021. (ROA.1075, 2003). In its order, the district court awarded attorneys' fees against Vaughan under 52 U.S.C. § 10310(e) given the frivolous and unreasonable nature of his claims and found Vaughan's attorneys and law firm jointly and severally liable for the award of attorneys' fees in accordance with 28 U.S.C. § 1927. (ROA.2003-2020). Vaughan and his attorneys appealed the attorneys' fee award on January 27, 2022. (ROA.2021).

## SUMMARY OF THE ARGUMENT

The standard for awarding attorneys' fees to prevailing defendants is well settled in this Court. To that end, when a plaintiff's underlying claims are frivolous, unreasonable, or groundless, a district court may, in its discretion, grant a request for attorneys' fees. This is exactly what the district court found here and, as such, did not abuse its discretion in awarding Lewisville ISD attorneys' fees given Vaughan's complete failure to establish standing—the most basic legal requirement for Vaughan to pursue his claims in the first instance. And while Vaughan now argues he had a good faith basis for an extension of the current standing law, his complete failure to address that extension to the district court results in the forfeiture of any such argument on appeal.

Moreover, the district court did not abuse its discretion in finding Vaughan's attorneys jointly and severally liable in accordance with 28 U.S.C. § 1927 for the attorneys' fees awarded against Vaughan. In addition to pursuing claims against the District without standing (or failing to argue for an extension of the law), Lewisville ISD provided the district court with clear and convincing evidence reflecting the harassing and annoying nature of counsel's conduct during the discovery process. Nor did the district court abuse its discretion in extending the liability to the Brewer

StoreFront, LP given such a decision is well within the district court's inherent authority.

## ARGUMENT AND AUTHORITIES

### A.    The Standard of Review

This Court reviews the district court's award of attorneys' fees under 52 U.S.C. § 10310(e) and the joint and several nature of that award under 28 U.S.C. § 1927 for an abuse of discretion.[1]

### B.    The standard for attorneys' fees awards under 52 U.S.C. § 10310(e).

52 U.S.C. § 10310(e) provides "[i]n any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fees."[2] Under the standard established by the Supreme Court, a prevailing defendant is entitled to fees when a plaintiff's underlying claim is frivolous, unreasonable, or groundless or when the plaintiff continues to litigate after it clearly becomes so.[3] A finding of bad faith, however, is not a prerequisite to an award of attorneys' fees to a defendant.[4]

To prevent a chilling effect on the enforcement of civil rights and to "avoid

---

[1] *Zastrow v. Houston Auto M. Imports Greenway, Ltd.*, 695 Fed. App'x 774, 779 (5th Cir. 2017); *Craig v. Gregg County, Tex.*, 988 F.2d 18, 20 (5th Cir. 1993); *Morrison v. Walker*, 939 F.3d 633, 637 (5th Cir. 2019).

[2] 52 U.S.C. § 10310(e). 42 U.S.C. § 1988(b) and 52 U.S.C. § 10310(e) are substantially similar and, as such, the Court applies "the same principles when determining [an] entitlement to attorneys' fees." *Craig*, 988 F.2d at 20.

[3] *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978).

[4] *Id.* at 421.

discouraging all but 'airtight claims,' [district] courts focus on whether a plaintiff's claim is colorable and of arguable merit."[5] While district courts want to protect potential civil rights claims, including claims to enforce the VRA, they also want to protect defendants from burdensome litigation having no legal or factual basis.[6] It follows that the Supreme Court's standard for awarding attorneys' fees "insulates defendants from the monetary strain of 'burdensome litigation having no legal or factual basis.'"[7] It is under this standard that the district court assessed and appropriately granted Lewisville ISD's request for attorneys' fees against Vaughan.

## C.    Vaughan forfeited his arguments regarding attorneys' fees under 52 U.S.C. § 10310 by failing to raise his arguments before the district court.

In requesting an award of attorneys' fees under 52 U.S.C. § 10310(e), Lewisville ISD argued to the district court that Vaughan's lawsuit was frivolous, unreasonable, and groundless because he could not establish standing. (ROA.1080-1083). The District went on to argue each of these points, briefing the factors for frivolity and the reasons supporting the unreasonable and groundless nature of the lawsuit. (ROA.1081-1083). Vaughan, however, did not address these issues; instead, Vaughan asserted the District's request for attorneys' fees under § 10310 failed because "the [district] [c]ourt's dismissal of Vaughan's claims for lack of standing is

---

[5] *Vaughner v. Pulito*, 804 F.2d 873, 878 (5th Cir. 1986) (citing *Jones v. Tex. Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981)).

[6] *Christiansburg*, 434 U.S. at 420.

[7] *Cantu Servs., Inc. v. Frazier*, 682 F. App'x 339, 342 (5th Cir. 2017) (quoting *Fox v. Vice*, 563 U.S. 826, 833 (2011)).

not the equivalent of a decision on the merits of his claims" and, thus, the district court "did not determine that the merits of his claim were frivolous." (ROA.1992).

Vaughan now addresses—for the first time—Lewisville ISD's arguments regarding the frivolous, unreasonable, and groundless nature of his attempt to obtain standing to pursue his VRA claims against the District. (Appellants' Brief, pp.17-20). Indeed, while Vaughan's briefing to the district court did not address the merits of his standing argument, Vaughan now argues to the Court that an award of attorneys' fees is not appropriate because Vaughan had "a plausible argument for an extension of existing law." (Appellants' Brief, pp.18-19). But Vaughan's eleventh-hour attempt to assert the viability of his standing arguments comes too late.[8] Vaughan had the opportunity to address such arguments with the district court and chose not to do so. His failure results in the forfeiture of those arguments.[9]

## D.    The district court did not abuse its discretion in awarding the District attorneys' fees under 52 U.S.C. § 10310.

Even assuming *arguendo* that Vaughan's arguments regarding the district

---

[8] If Vaughan and his counsel were attempting to "stake out ground for VRA and constitutional challenges to at-large voting systems analogous to the standing accorded for gerrymandering plaintiffs," the District would have expected to find that argument somewhere in response to request for attorneys' fees. (Appellants' Brief, p.20; ROA.1988-1994). Even the district court noted "Vaughan's attorneys did not . . . argue that Vaughan's situation warranted a change to such law." (ROA.2010).

[9] *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal."); *Templeton v. Jarmillo*, 28 F.4th 618, 622 (5th Cir. 2022) ("Making an issue clear, or . . . presenting the issue "face up and squarely in the trial court," is necessary" to preserve the issue for appeal).

court's award of attorneys' fees to Lewisville ISD under 52 U.S.C. § 10310(e) are properly before the Court, his arguments do not support an abuse of discretion on the part of the district court. The Court should affirm the district court's award of attorneys' fees against Vaughan under § 10310 accordingly.

### 1. Vaughan's lawsuit against the District was frivolous given his lack of standing to pursue his claims.

This Court has identified three relevant factors in determining frivolity: (1) whether the plaintiff has established a *prima facie* case; (2) whether defendant offered to settle; and (3) whether the district court dismissed the case or held a full-blown trial.[10] While these factors may be neither exhaustive nor controlling in every situation, they are, nevertheless, instructive on the issue of frivolity.[11] Notably, Vaughan did not address these factors in his briefing to the district court or to this Court. Regardless, all three factors weigh in favor of the district court's award of attorneys' fees to Lewisville ISD under § 10310.

### a. The district court never reached the merits of Vaughan's claims because he lacked standing.

Vaughan filed suit against the District alleging a violation of Section 2 of the

---

[10] *Walker v. City of Bogalusa*, 168 F. 3d 237, 240 (5th Cir. 1999) citing *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991); *Strain v. Kaufman County*, 23 F. Supp. 2d 698, 700 (N.D. Tex. 1998).

[11] *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000); *Tannehill v. Tannehill*, No. 1:18-CV-00242, 2019 WL 847946, at *10 (W.D. La. Jan. 23, 2019), *report and recommendation adopted*, No. 1:18-CV-00242, 2019 WL 847445 (W.D. La. Feb. 21, 2019) (noting that these factors are 'guideposts,' and frivolousness must be judged on a case-by-case basis).

VRA, as well as violations of the Fourteenth and Fifteenth Amendments. (ROA.14-38). In its Motion for Summary Judgment, Lewisville ISD asserted Vaughan, a white voter, did not have standing to pursue his VRA claims because he was asserting the interests of third parties, namely Asian, Black, and Hispanic voters. (ROA.405-407). The district court agreed and dismissed Vaughan's claims given his lack of standing to pursue them in the first instance. (ROA.980-994). In other words, the district court never reached the merits of Vaughan's claims.

> ### b.     Vaughan and the District did not engage in settlement discussions.

The second factor the Court looks to in assessing frivolity is whether a defendant offered to settle the plaintiff's claims.[12] Here, the parties did not engage in settlement discussions, and, in fact, Lewisville ISD requested that the district court excuse the District from mediation. (ROA.891-892).

> ### c.     The district court summarily dismissed Vaughan's claims.

As set forth herein, Vaughan filed his VRA lawsuit against Lewisville ISD and the members of its Board of Trustees in their official capacities. (ROA.14). The district court dismissed the Board members from the lawsuit given the duplicative nature of Vaughan's claims against them. (ROA.544-547). The district court then

---

[12] *Walker*, 168 F.3d at 240; *but cf., Myers*, 211 F.3d at 292 (while acknowledging that settlement offers are still a factor to be examined, the court questioned their utility in light of the fact that some municipalities may have a standard policy of refusing to settle even meritorious claims).

summarily dismissed Vaughan's claims against the District given Vaughan's lack of standing. (ROA.980-994).

**2. Vaughan's lawsuit against the District was unreasonable and groundless from the outset.**

As the district court noted in its Order granting Lewisville ISD's Motion for Summary Judgment, the requirements of standing are well known: "a plaintiff must show (1) an 'injury in fact,' (2) a sufficient causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'"[13] (ROA.985-986). Despite this "bedrock principle," Vaughan pursued his VRA claims against Lewisville ISD and the members of its Board of Trustees to redress the rights of third parties. (ROA.985, 1033).

Indeed, as the district court stated in evaluating Lewisville ISD's request for costs, Vaughan's "invocation of federal jurisdiction was objectively unreasonable," Vaughan "did not come close to—indeed he did not even attempt—asserting an injury in fact," Vaughan "plainly had no personal stake in this matter, yet he pursued the lawsuit anyway" and Vaughan's "attempt to pursue a claim in federal court based on allegations that other people suffered harm, while he suffered none, was objectively unreasonable." (ROA.1030-1036). This is the epitome of an unreasonable and groundless lawsuit supporting an award for attorneys' fees under

---

[13] *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S.555, 56-61 (1992)) (alterations in original).

§ 10310.

### 3.   Vaughan's attempts to argue the merits of his standing argument to pursue claims against the District fail.

Now facing an award of attorneys' fees for his frivolous, unreasonable, and groundless VRA lawsuit against the District, Vaughan asserts for the first time on appeal that his standing argument that "white voters have a constitutionally cognizable stake in a non-racist electoral process constitutes a plausible argument for an extension of existing law," more specifically "the standing accorded for gerrymandering plaintiffs." (Appellants' Brief, p.18). But what Vaughan fails to recognize is that "gerrymandering plaintiffs," regardless of their race, have suffered an "injury in fact" because they live in a district that has been apportioned based on reliance on racial criteria, thereby raising equal protection concerns.[14]

Indeed, the Supreme Court's entire analysis of standing for "gerrymandering plaintiffs" in *Hays* firmly forecloses any "extension of existing law" Vaughan is now trying to make:

> Demonstrating the individualized harm our standing doctrine requires may not be easy in the racial gerrymandering context, as it will frequently be difficult to discern why a particular citizen was put in one district or another. Where a plaintiff resides in a racially gerrymandered district, however, the plaintiff has been denied equal treatment because of the legislature's reliance on racial criteria, and therefore has standing to challenge the legislature's action. Voters in such districts may suffer the special representational harms racial classifications can cause in the voting context. On the other hand, where a plaintiff does not live in

---

[14] *See United States v. Hays*, 515 U.S. 737, 744-45 (1995).

> such a district, he or she does not suffer those special harms, and any inference that the plaintiff has personally been subjected to a racial classification would not be justified absent specific evidence tending to support that inference. Unless such evidence is present, that plaintiff would be asserting only a generalized grievance against governmental conduct of which he or she does not approve.[15]

As applied here, Vaughan's situation is analogous to those plaintiffs living outside of a gerrymandered district because he has not "personally been subjected to a racial classification" in violation of the VRA; rather, he filed suit because "[t]he current electoral process denies my friends and neighbors, African Americans, Hispanics, Asians, and other minorities, an equal opportunity to elect representatives of their choice."[16] (ROA.626). This is exactly the type of advocacy on the part of third parties that will not support standing. Vaughan cannot now distance himself from his Declaration to avoid the district's court's appropriate award of attorneys' fees against him under § 10310(e).[17]

**E.    The standard for attorneys' fees awards under 28 U.S.C. § 1927.**

28 U.S.C. § 1927 provides "[a]ny attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case

---

[15] *Id.*

[16] This is a direct quote from Vaughan's Declaration in support of his response to the District's Motion for Summary Judgment. (ROA.621-626).

[17] Lewisville ISD also notes Appellants' Brief relies on allegations in the Complaint to support Vaughan's argument as opposed to directing the Court to evidence in the Record on Appeal. (Appellant's Brief, pp.17-18). Indeed, while Vaughan asserts he "argued that his own children were disadvantaged by the 'pervasive geographical discrimination,'" he neglects to reference his Declaration reflecting his children already graduated high school. (Appellants' Brief, p.18; ROA.624).

unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[18] To make such an award, there must be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court.[19] To that end,

> [t]he phrase "unreasonably and vexatiously" describes conduct that is objectively "harassing or annoying, or evinces the intentional or reckless pursuit of a claim, defense or position that is or should be known by the lawyer to be unwarranted in fact or law or is advanced for the primary purpose of obstructing the orderly process of the litigation."[20]

Lewisville ISD recognizes § 1927 should be used sparingly, and, even then, an award should "not shift the entire financial burden of an action's defense."[21]

## F.    The district court did not abuse its discretion in finding Vaughan's attorneys jointly and severally liable for the District attorneys' fees.

The district court awarded attorneys' fees against Vaughan under 52 U.S.C. § 10310(e) because his "claims were frivolous and unreasonable." (ROA.2009). The district court then held Vaughan's attorneys and law firm jointly and severally liable for those attorneys' fees under 28 U.S.C. § 1927. (ROA.2013, 2020). Given counsel's conduct during depositions, coupled with the "objectively unreasonable" invocation

---

[18] 28 U.S.C. § 1927.

[19] *Pennie v. Obama*, 255 F. Supp. 3d 648, 675 (N.D. Tex. 2017) (citing *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir 2002)); *Allen v. Travis*, No. CIV.A.3:06-CV-1361-M, 2007 WL 1989592, at *5 (N.D. Tex. July 10, 2007).

[20] *Van Dyke v. Retzlaff*, No. 4:18-CV-247, 2021 WL 351360, at *1 (E.D. Tex. Feb. 2, 2021) (quoting *In re W. Fid. Mktg, Inc.*, No. 4:01–MC–0020–A, 2001 WL 34664165, at *22 (N.D. Tex. Jun. 26, 2011)).

[21] *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996).

of the district court's jurisdiction, the district court did not abuse its discretion in this regard. (ROA.1033).

### 1.   The district court did not award attorneys' fees against Vaughan under 28 U.S.C. § 1927.

The Appellants' Brief first takes the district court to task with respect to its award of attorneys' fees under 28 U.S.C. § 1927 by asserting that such an award against Vaughan goes against "the plain terms of [the] statute." (Appellants' Brief, p.22). But nothing in the district court's order reflects that it awarded attorneys' fees against Vaughan under § 1927; instead, the district court ordered attorneys' fees against Vaughan under 52 U.S.C. § 10310(e). (ROA.2009, 2013). Not only is this consistent with the Court's precedent, but the district court's opinion cannot be read any other way.[22]

More to the point, in analyzing Lewisville ISD's request for attorneys' fees under § 1927, the district court specifically stated the statute " supports an award of attorney's fees against *Vaughan's counsel* because LISD has proven by clear and convincing evidence that Vaughan's case was 'unwarranted and should neither have been commenced or persisted in.'" (ROA.2010) (emphasis added). The district court went on to reference "Vaughan's attorneys" conduct in pursuing the claims and

---

[22] *See Lewis v. Brown & Root, Inc.*, 711 F.2d 1287, 1291-92 (5th Cir. 1983) (affirming an award of attorneys' fees against the plaintiff and finding the joint award against counsel under § 1927 warranted), *clarified on reconsideration*, 722 F.2d 209 (5th Cir. 1984).

conducting the discovery, therein noting "the unreasonable and vexatious conduct for which *Vaughan's counsel* is being sanctioned," and concluding "that *Vaughan's attorneys* must be held jointly and severally liable for [the District's] attorneys' fees pursuant to [§] 1927." (ROA.2010-2013) (emphasis added).

It is axiomatic that holding Vaughan's counsel "jointly and severally liable" under 28 U.S.C. § 1927 for attorneys' fees awarded against Vaughan under 52 U.S.C. § 10310(e) does not equate to or otherwise constitute an attorneys' fees award against Vaughan under 28 U.S.C. § 1927. Vaughan's argument to the contrary is entirely misplaced. The Court should disregard the argument accordingly.

## 2. The district court did not abuse its discretion in holding the Brewer StoreFront LP jointly and severally liable for attorneys' fees.

The Appellants' Brief also asserts the district court abused its discretion in finding the Brewer StoreFront, LP jointly and severally liable with Vaughan and his attorneys for the attorneys' fees awarded under 52 U.S.C. § 10310(e). (Appellants' Brief, pp.22-23; ROA.2020). The Brewer StoreFront, LP's argument simply notes 28 U.S.C. § 1927 "excludes law firms" from such awards, citing Federal Rule of Civil Procedure 11, as well as decisions from the Sixth, Seventh, and Ninth Circuits. (Appellants' Brief, pp.22-23). The Eleventh Circuit, however, firmly holds § 1927 "allows for sanctions against a law firm."[23]

---

[23] *Smith v. Grand Bank & Trust of Fla.*, 193 Fed. App'x 833, 838 (11th Cir. 2006) (citing *Avigran v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991), *cert. denied* 502 U.S. 1048 (1992)).

It follows that there is a circuit split regarding the availability of a sanctions award against a law firm under 28 U.S.C. § 1927, which this Court has not addressed. But given a court's inherent authority, Lewisville ISD posits the district court did not abuse its discretion in holding the Brewer StoreFront, LP jointly and severally liable for the attorneys' fees awarded against Vaughan under 52 U.S.C. § 10310(e). The Court should adopt the Eleventh Circuit's reasoning accordingly and find the district court was well within its authority.

### 3. The district court appropriately found Vaughan's attorneys and law firm jointly and severally liable for the attorneys' fees award.

Vaughan's attorneys and law firm, much like Vaughan, now staring down an award of attorneys' fees, address—for the first time on appeal—the propriety of Vaughan's standing argument. (Appellants' Brief, pp.23-24). But like Vaughan, their attempts are too little, too late. While Lewisville ISD acknowledges Vaughan appealed and then dismissed the district court's order granting the District's summary judgment, that did not prevent Vaughan's attorneys and law firm from addressing the "plausible argument for an extension of existing law" they now want to rely upon in arguing the district court abused its discretion. (Appellants' Brief, pp.18-19).

Indeed, a review of the response to Lewisville ISD's request for attorneys' fees reflects two overarching arguments—(1) "Vaughan's claims were not dismissed on the merits" and (2) Vaughan's attorneys and law firm did not engage in improper conduct in conducting depositions. Notably, their failure to address the merits of

Vaughan's standing argument formed part of the basis for the district court's sanction award under § 1927—"Vaughan's attorneys did not plausibly allege standing under existing law or argue that Vaughan's situation warranted a change to such law." (ROA.2010). Like Vaughan, his attorneys and law firm forfeited any argument in this regard.[24]

Nevertheless, Vaughan's attorneys and law firm essentially assert the district court abused its discretion by awarding sanctions under § 1927 because Vaughan's VRA claims "fail[ed] to pass muster on a 'bedrock' constitutional principle." (Appellants' Brief, p.23). Vaughan's attorneys and law firm go on to question the availability of a sanctions award based on the "court's view of what constitutes 'core' legal principles." (Appellants' Brief, pp.23-24). But an essential function of district courts is to ensure they do not issue rulings unless controversies actually exist.[25]

If pursuing a claim for which there is no case law supporting standing and then failing to argue for an extension of existing case law does not constitute conduct running afoul of § 1927, then standing serves no purpose. And as it currently stands,

---

[24] *See Rollins*, 8 F.4th at 397; *Templeton*, 28 F.4th at 622. To the extent the Court considers the propriety of Vaughan's standing argument in evaluating the district court's sanctions under § 1927, Lewisville ISD directs the Court to section D.3. of its Appellee Brief, which sets forth the reasons why Vaughan, his attorneys, and their law firm do not have a reasonable basis for extending standing to Vaughan here.

[25] *See Valley Forge Christian College v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982) ("The constitutional power of federal courts cannot be defined, and indeed has no substance, without reference to the necessity 'to adjudge the legal rights of litigants in actual controversies.'").

Vaughan's attorneys and law firm have not directed the Court to any arguments or evidence in the Record on Appeal supporting any finding that the district court abused its discretion when it found "that counsel, on behalf of Vaughan, recklessly pursued a claim that they knew or should have known was unwarranted," particularly given the experience Vaughan's attorneys and law firm continue to tout before this Court. (Appellants' Brief, pp.13-14; ROA.1988, 2010-2011).

What should be even more concerning to the Court, however, is the complete failure by Vaughan's attorneys and law firm to address or otherwise explain their conduct in depositions in any meaningful manner to the district court or this Court. Indeed, they shift the blame to Lewisville ISD's counsel, continue to make baseless claims the district court already refuted as "patently false" (*i.e.*, "at the depositions only made 'form objections'"), and refer to their methods as "zealous and thorough." (Appellants' Brief, p.24; ROA.1993, 2013). But being what Vaughn's attorneys couch as "zealous and thorough" advocacy is more accurately described as harassing and annoying conduct, which is supportive of sanctions under § 1927.[26]

To that end, contrary to their assertion and already addressed by the district court, Lewisville ISD's counsel addressed the wholly irrelevant and harassing conduct by Vaughan's attorneys during depositions through appropriate form objections, and, when necessary, more thoroughly addressing the egregious lines of

---

[26] *Van Dyke*, 2021 WL 351360, at *1.

questioning.[27] (ROA.1088-1876). By way of example, when Vaughan's counsel ventured into questioning regarding a Title IX lawsuit against Lewisville ISD, counsel for the District stated her intention to "shut this [line of questioning] down" before stating such questioning was "wholly outside the bounds" of discovery. (ROA.1663-1665).

In response, Vaughan's counsel actually argued allegations of sexual harassment against students is related to the VRA, which plainly prohibits the "denial or abridgement of the right of any citizen of the United States to vote on account of race or color"—not sex or gender.[28] (ROA.1663-1665). And immediately following the discussion of the irrelevant Title IX lawsuit, Vaughan's counsel ambushed Superintendent Kevin Rogers with a copy of a police report involving his son that Vaughan had not previously produced in discovery.[29] (ROA.1665-1672). This is in addition to irrelevant lines of questioning such as opting out of Common Core curriculum and Dr. Rogers' criticisms of the State of Texas Assessments of Academic Readiness (STAAR) test. (ROA.1596-1597, 1630-1632).

Vaughan's counsel also meandered through Dr. John Alford's expert

---

[27] As the district court noted, counsel's "form objections" during the depositions was entirely appropriate and consistent with the Eastern District of Texas Local Rules. (ROA.2013). *See* E.D. Tex. Local Rule CV-30 ("Objections to questions during the oral deposition are limited to 'Objection, leading' and 'Objection, form'").

[28] 52 U.S.C. § 10301(a).

[29] Vaughan's counsel stated on the record "We were just made aware of another incident we wanted to ask about, so we do not have paper copies to hand you of the exhibit that -- okay." (ROA.1665).

deposition, questioning him on matters wholly unrelated to his expert report, including the genetics of political ideology, the nature versus nurture of politics, and political biology. (ROA.1092-1094, 1096-1098). Counsel also ventured off into an unrelated discussion regarding the members in the United States Congress despite Vaughan's VRA claim focusing on a non-partisan school board election. (ROA.1131-1132, 1162). This culminated in asking Dr. Alford "[h]ow many 18-year-olds have been elected to Congress" despite the experience Vaughan's attorneys tout, not to mention the United States Constitution explicitly setting the age for United States Representatives at 25 and the age for United States Senators at 30. (ROA.1131-1132).

Board member Angie Cox's deposition included an irrelevant discussion regarding the Lewisville ISD Education Foundation, as well as lengthy questioning regarding Ms. Cox's candidate questionnaire from the Lewisville Texas Journal, which had Ms. Cox explaining irrelevant topics such as Ms. Cox's stance on Lewisville ISD's request to opt out of the state of Texas' standardized testing, whether the District should offer special education services, and school finance lawsuits. (ROA.1299-1305). Vaughan's counsel also questioned Ms. Cox on how "the District is dealing . . . mental health struggles" and accommodations on the STAAR for students with disabilities. (ROA.1329-1330, 1353-1356).

Board member Tracy Scott Miller's deposition likewise included a discussion

of accommodations for students in need, specifically Mr. Miller's children. (ROA.1458). Vaughan's counsel again meandered far afield of the actual issues related to the VRA claim, including the achievement gap with students, campus improvement plans, the relationship between the Board of Trustees and the Superintendent, and the District's continued relationship with Templeton Demographics. (ROA.1476-1480, 1482-1487, 1506). Board member Katherine Sell's deposition included irrelevant questioning ranging from the opinions of a Richardson Independent School District Board member regarding single member districts, Ms. Sells' plans to seek other elected offices, and her views on allowing teachers to carry guns on campus. (ROA.1751, 1778).

In all, Vaughan noticed six depositions covering a range of irrelevant topics. (ROA.1088, 1225, 1286, 1445, 1590, 1741). But despite deposing these six witnesses over the span of 38 hours and 27 minutes of actual deposition time (and 43 hours and 15 minutes of total time), resulting in 1,689 pages in deposition transcripts, Vaughan only utilized 21 pages of the deposition transcripts (or 1.2 percent) in response to the District's Motion for Summary Judgment. (ROA.809-819, 827-828, 834-835, 840-841, 854-855, 873-874, 1089, 1163-1164, 1226, 1230, 1239, 1247, 1251, 1287, 1380-1381, 1446, 1519-1520, 1591, 1672-1673, 1742, 1815-1816). This certainly speaks to the harassing and vexatious nature of counsel's conduct. Indeed, even assuming *arguendo* that the district court had standing, the

depositions noticed by Vaughan constituted nothing more than an irrelevant waste of time designed to harass and annoy the witnesses.

Despite directing the district court to the information above, Vaughan's attorneys argued Lewisville ISD "fail[ed] to provide clear and convincing evidence of purportedly vexatious and harassing litigation misconduct warranting the imposition of sanctions." (ROA.1994). But notably missing from the response to Lewisville ISD's request for attorneys' fees was any evidence disputing the District's position. More to the point, while the District's counsel provided testimony in the form of declarations providing their opinions regarding counsel's conduct, the Court will not locate a single affidavit or declaration from Vaughan's counsel disputing the allegations. (ROA.1880, 1981).

Vaughan and his counsel provided no explanation to the district court for these lines of questioning or otherwise attempted to tie these lines of questioning to Vaughan's VRA claims. (ROA.1993). That failure continues on appeal to this Court. (Appellants' Brief, p.24). It follows that the district court did not abuse its discretion in finding the conduct of Vaughan's attorneys sanctionable under § 1927. The Court should uphold this finding on appeal.

## G.     Conclusion

Based on the foregoing, the Court should affirm the district court's award of attorneys' fees against Vaughan under 52 U.S.C. § 10310(e) and affirm the district

court's order holding Vaughan's attorneys and law firm are jointly and severally liable for the award of attorneys' fees in accordance with 28 U.S.C. § 1927.

Respectfully submitted,


By:   /s/Meredith Prykryl Walker
       Meredith Prykryl Walker
       State Bar No. 24056487

Meredith Prykryl Walker
WALSH GALLEGOS TREVIÑO
KYLE & ROBINSON P.C.
105 Decker Court, Suite 700
Irving, Texas 75062
214.574.8800
214.574.8801 (facsimile)
mwalker@wabsa.com

*Attorneys for Defendant-Appellee*

---

## CERTIFICATE OF SERVICE

---

The undersigned certifies that on this 30th day of June, 2022, the foregoing Brief of Appellee Lewisville Independent School District has been filed in the office of the Clerk for the United States Court of Appeals for the Fifth Circuit and a true and correct copy of the same was served upon counsel of record in accordance with the Federal Rules of Civil Procedure.


/s/ Meredith Prykryl Walker
Meredith Prykryl Walker

## CERTIFICATE OF PRIVACY REDACTIONS AND VIRUS SCANNING

The undersigned certifies that: (1) all required privacy redactions have been made in this brief, in compliance with 5TH CIR. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, in compliance with 5TH CIR. R.25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

/s/ Meredith Prykryl Walker
Meredith Prykryl Walker

Dated:    June 30, 2022

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

1.    This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because this brief contains 5,444 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f).

2.    This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) as this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2016, Times New Roman, font size 14 for text and font size 12 for footnotes.

/s/ Meredith Prykryl Walker
Meredith Prykryl Walker

Dated:    June 30, 2022